UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL LEAL,                                                     Case No. 1:22-cv-150
     Plaintiff                                                      Barrett, J.
                                                                            Litkovitz, M.J.
    vs.

FELICIA BEDEL, et al.,                                         **ORDER**
     Defendants.

      This matter is before the Court on plaintiff's motion for alternate service pursuant to Fed. R. Civ. P. 4. (Doc. 15).

      Plaintiff brings this action for libel, false light, intentional infliction of emotional distress, tortious interference with business relations, invasion of privacy, breach of consent decree, and conspiracy under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Among the named defendants is Cammie Leal, an Arizona resident who was previously married to plaintiff. Plaintiff states that he has previously attempted personal service on defendant Cammie Leal at her home in Arizona on three occasions. On the third occasion, the process server was allegedly threatened with bodily harm by another individual at the residence if he were to return to the property. (Doc. 15, Ex. 1). Plaintiff alleges that defendant Cammie Leal has acknowledged this lawsuit and has made online posts on her social media accounts regarding the complaint and plaintiff. (*Id.*, Ex. 2). Plaintiff requests that the Court permit service of process on defendant Cammie Leal be completed by email at teamexclusivellc@gmail.com, which plaintiff states "Cammie purportedly uses for her fitness coaching business," due to the threats communicated to the process server when he attempted service of the complaint and defendant Cammie Leal's demonstrated knowledge of the complaint. (*Id.* at PAGEID 55, Ex. 3).

Service of process under the Federal Rules of Civil Procedure on an individual residing in a judicial district of the United States may be made by, inter alia, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiff attempted service of process on defendant Cammie Leal under Arizona law, which provides that an individual may be served by:

> (1)  delivering a copy of the summons and the pleading being served to that individual personally;
> (2)  leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (3)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d).  The Arizona civil rules provide for alternative means of service under certain circumstances:

> (1) *Generally.* If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.
>
> (2) *Notice and Mailing.* If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement.  In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.
>
> (3) *Service by Publication.* A party may serve by publication only if the requirements of Rule 4.1 (*l*), 4.1(m), 4.2(f), or 4.2(g) are met and the procedures provided in those rules are followed.

Ariz. R. Civ. P. 4.1(k).

Plaintiff states, "Given the danger posed to the safety of any process server who attempts personal service on Cammie, the only safe manner in which to effectuate service of process upon Cammie Leal is by alternative means, the most effective of which will be service via email."

2

(Doc. 15 at PAGEID 57). Plaintiff argues that federal courts have generally determined that service by email meets due process requirements where a plaintiff shows that the email is likely to reach the defendants. (*Id*. at PAGEID 56, citing cases). Each of the cases cited by plaintiff, however, involved email service on an individual in a foreign country under Fed. R. Civ. P. 4(f), which requires an examination of the relevant international agreements between the relevant countries and the due process considerations of the individual case. *See Amirit Techs., Inc. v. HTN Wireless, Inc.*, No. 2:17-cv-0067, 2017 WL 2080418 (D. N.J. May 12, 2017); *AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, No. 1:21-cv-00406, 2021 WL 3674821 (S.D. Ohio Aug. 19, 2021); *F.T.C. v. PCCare247 Inc.*, No. 12-7189, 2013 WL 841037 (S.D. N.Y. Mar. 7, 2013); *Chanel, Inc. v. 2012leboyhandbag.com*, No. 0:15-cv-61986, 2015 WL 10818551, at *1 (S.D. Fla. Nov. 16, 2015). Plaintiff has not cited any cases authorizing service of process by email on a resident of the United States who lives in the United States. Absent citation to such authority, plaintiff's request is denied at this time.

Nevertheless, plaintiff has an alternative to pursue. Plaintiff is permitted to attempt service of process under the Ohio Rules of Civil Procedure as this federal court sits in Ohio. *See* Fed. R. Civ. P. 4(e)(1). Under Ohio Civ. R. 4.3(B), out-of-state service on a defendant may be accomplished "in the same manner as provided in Civ. R. 4.1(A)(1) through Civ. R. 4.1(A)(3)." For these reasons, plaintiff's motion for alternate service pursuant to Fed. R. Civ. P. 4 (Doc. 15) is **DENIED**, subject to reconsideration at a later date in the event service under the Ohio Rules of Civil Procedure is unsuccessful.

IT IS SO ORDERED.

Date: 5/5/2022

Karen L. Litkovitz
United States Magistrate Judge

3