**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MICHEAL LEAL, an individual, | ) | CASE NO.: 1:22-CV-00150-MRB |
| *Plaintiff,* | ) ) ) | JUDGE: HONORABLE MICHAEL R. BARRETT |
| v. | ) ) | |
| FELICIA BEDEL, et. al. | ) ) | **PLAINTIFF'S MEMORANDUM IN** |
| *Defendants.* | ) ) ) | **SUPPORT OF HIS MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE** |

Plaintiff Michael Leal ("Plaintiff") by and through undersigned counsel, hereby submits his Memorandum in Support for Extension of Time to Perfect Service upon Defendants Cammie Leal ("Leal") and Chelsea Staedter ("Staedter").

**I.  BACKGROUND**

On March 23, 2022, Plaintiff filed his Complaint against four Defendants, Felicia Bedel, Cammie Leal, Chelsea Staedter, and Samantha Kerns, (collectively "Defendants") regarding an extensive harassment campaign orchestrated by Defendants to ruin his reputation, financially cripple his business, and expose his confidential medical history. Defendants have collectively published defamatory statements about Plaintiff online and have intentionally inflicted severe mental and emotional distress upon him in retaliation for the termination of their respective romantic relationships with Plaintiff.

Since filing the Complaint, Plaintiff has diligently sought to complete service of process on each Defendant. Plaintiff successfully served Defendants Felicia Bedel and Samantha Kerns. However, due to extensive efforts to evade service of process by Defendants Leal and Staedter, Plaintiff has been unable to perfect service upon them and requires additional time to effect service.

As Plaintiff outlined in his Motion for Alternative Service on Cammie Leal, Plaintiff attempted to serve Leal at her home in Tolleson, Arizona on several occasions in April 2022. *See* Affidavit of Arizona Process Server, attached hereto as Exhibit 1. The process server attempted service on three occasions. During the last attempt, a man who identified himself as Cammie's husband aggressively escorted the process server off the property, warned the process server that he was a member of the MS13 gang, took photos of the server's vehicle, and threatened that he would shoot the process server if he came back to the property. *Id.* Given these threats, Plaintiff requested leave to serve Cammie via email, which this Court declined to do. *See* Order Denying Motion for Alternative Service (5/5/2022). Plaintiff then contacted the Maricopa County Sheriff's Office on May 12, 2022, to effectuate service. *See attached* Affidavit of Plaintiff's Counsel, ¶ 7. The Sheriff's office advised counsel that it would be two to three weeks before they could render service. *Id.*

On March 29, 2022, Plaintiff retained a process server in San Diego, California to effectuate service upon Staedter, who resided there at the time. *See* Affidavit of California Process Server, attached hereto as Exhibit 2. The process server attempted service on March 31, April 2, April 3, and April 9, but no one answered the door at her residence on any of those occasions. *Id.* On or about April 26, 2022, Plaintiff was informed that Staedter had recently moved to Las Vegas, Nevada. Afd. of Counsel, ¶ 4. Plaintiff could not discover Staedter's new home address in Las Vegas, but obtained the address of the gym in which she was employed. *Id.* On May 2, 2022, Plaintiff hired a process server in Las Vegas to serve Staedter at her workplace. *See* Affidavit of Nevada Process Server, attached hereto as Exhibit 3. On May 5, 2022, the process server made two attempts to serve process at the gym. The process server spoke to two employees who stated that they did not know who Staedter was. *Id.* When the process server showed them a photo of

Staedter that she took while in the gym and published on her Instagram profile, the employees called Staedter. *Id.* Staedter reportedly answered and told one of the employees that "people were after her" and she would not be accepting deliveries. *Id.* On May 10, 2022, the process server drop served the gym manager as Staedter was still unwilling to accept service. *Id.*

## II. ARGUMENT

### A. Legal Standard

A plaintiff typically must serve a defendant within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). But "if the plaintiff shows good cause for the failure [of service], the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Courts undergo a two-part analysis to determine whether to extend the time of service. *See Fulgenzi v. Wyeth, Inc.*, 2010 U.S. Dist. LEXIS 57199 at *5 (N.D. Ohio, 2010).

First, the plaintiff must show "good cause" for a failure to timely serve. *See Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994). If the plaintiff demonstrates good cause, then the court must extend service time. *Id.* If the plaintiff cannot show good cause, then the court may still discretionarily grant an extension of service. *See Henderson v. United* States, 517 U.S. 654, 662 (1996) ("courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'"); *Warrior Imps., Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016) ("[r]ule 4(m) gives the Court discretion to enlarge the 120-day period for service even in the absence of good cause").

### B. Good Cause Exists to Extend the Deadline for Service

1. <u>Plaintiff has reasonably attempted to serve Defendants.</u>

Courts frequently find that good cause exists when a plaintiff makes a good faith effort to perfect service, even where the service attempt may have been flawed. *See Habib,* 15 F.3d at 73 (finding "good cause" where an ill pro se plaintiff made a good faith effort to perfect service);

3

*Byrd v. Stone*, 94 F.3d 217, 220 (1996) (concluding that good cause existed where a plaintiff failed to perfect service because of errors by both a court clerk and the United States Marshals assigned to the task). Half-hearted attempts to comply with the deadline are not a sufficient showing of good cause. *See Boykin v. Commerce Union Bank*, 109 F.R.D. 344, 348 (W.D. Tenn. 1986). Seeking an extension prior to the expiration of the 90-day period may be a factor courts consider in determining good cause. *See* 1 Moore's Federal Practice - Civil § 6.06 (2022). *See also Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019).

Here, Plaintiff has made a good faith effort to serve the Defendants. Plaintiff's attempts to serve were not half-hearted or flawed, but have been ongoing and consistent since his Complaint was filed. Plaintiff attempted serving Leal three times and Staedter seven times, utilizing multiple process servers. Through no fault of the Plaintiff, Leal and Staedter have taken measures to either conceal their location and/or intimidate the process servers to prevent service from being perfected. Plaintiff's good faith efforts to serve Leal and Staedter have so far been thwarted by the Defendants' intentional evasion of service. Given the number of service attempts at multiple known addresses for Leal and Staedter, in accordance with the Ohio Rules of Civil Procedure and the previous Order of this Court, Plaintiff has made a good faith effort to effectuate service and, therefore, his motion should be granted.

    2. <u>Defendants are aware of the pending lawsuit and will not be prejudiced by an extended deadline for service.</u>

An extension is proper if a defendant is already aware of the pending lawsuit, because the extension does not prejudice them. *See Battle v. District of Columbia*, 21 F. Supp. 3d 42, 48 (D.D.C. 2014) ("it appears that [the defendant] would face little-to-no prejudice if the Court extended plaintiff's opportunity to serve process. [The defendant] has been aware of the suit since it was initially filed in Superior Court"); *Am. Indoor Football Ass'n v. Lockwood*, 267 F.R.D. 663,

4

666 (M.D. Ala. 2010) ("there is good reason to believe that, despite [the defendant's] evasive efforts, he is well-aware of the complaint against him. Thus, there is little reason to believe that he will be prejudiced by an extension of the time-limit for service"); *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 50-51 (D.P.R. 2010) ("[t]he fact that defendants were served expediently gives the court reason to believe that both [the defendants] were aware of the claims asserted against them. In other words, [the defendants'] ability to defend themselves will not be affected or diminished").

Leal's social media activity demonstrates that she is aware of the action. *See* Exhibit 4, Social Media Posts. In one post on her Instagram story, she taunted "I have not been served… yet… so I am still waiting []." In another post, she jokes "Pretrial conversations with [Defendant Bedel] about NOT making sarcastic jokes during litigation, so [Defendant Leal] doesn't yet "f*ck this dude" as a follow up. Send prayers, y'all." *Id*. In yet another post, Leal reposted "Current status in regards to Defendants being served in the [current] Lawsuit. Felicia has been served. I (Sam) have been served. Cam has not been served. Chelsea has not been served." Leal reposted this with the song "U Can't Touch This" by M.C. Hammer playing in the background. *Id.* It's clear from this activity that Leal is aware of the present action. These posts also demonstrate her intention to evade service.

Staedter is also aware that this action is pending against her. She belongs to the same fitness community as Leal and, upon information and belief as evidenced by the other Defendants' social media postings, has been communicating with the other Defendants. Indeed, when the server tried contacting Staedter at her gym, a gym employee called her phone. On that phone call, Staedter acknowledged that "people were after her." Ex. 3. This comment, in conjunction with the other social media postings, demonstrates her knowledge of the action and intent to evade service.

Thus, because Defendants are both aware of the action against them, neither would be prejudiced in extending the service deadline, as is now necessary because of their evasion efforts.

### C. The Court Should Discretionarily Extend the Deadline for Service Given the Defendants' Evasive Tactics

Should the Court find that good cause does not exist, the Court should, in its discretion, extend the deadline for service due to the intentional evasion efforts by Leal and Staedter. The Advisory Committee to Fed. R. Civ. P. 4(m) and courts in this district consider whether defendants evade service as a substantial factor in granting discretionary extensions for service. *See* Fed. R. Civ. P. 4(m) Advisory Committee Notes, 1993 Amendment, Subdivision (m); *Rose v. Bersa*, 327 F.R.D. 628, 633-34 (S.D. Ohio 2018); *Doe v. Salvation Army in the United States*, No. 2:05-cv-00901, 2010 U.S. Dist. LEXIS 125940, at *9-10 (S.D. Ohio Nov. 17, 2010). *See also Indoor Football* 267 F.R.D. at 665-67 (extending the service deadline where there was evidence that the defendant was aware of the complaint against him, and where the defendant avoided the plaintiff's seven attempts to serve the Defendant at his house). Here, Plaintiff has gone great lengths perfect service to Defendants. But due to their evasion efforts, Plaintiff has been unable to render service.

So far, Leal has successfully evaded Plaintiff's efforts to serve her. Plaintiff's process server attempted service at Leal's home on several occasions, including when there was a car parked in her driveway, but no one answered the door. Ex. 1. That changed when Leal's husband identified himself as a gang member and threatened to shoot the process server if he returned to the property. *Id.* Plaintiff moved to allow for service via email on Leal for this reason, which this Court denied. In accordance with the Court's Order, Plaintiff is currently working with the Maricopa County Sheriff's Office to serve Leal, which will take at least an additional three weeks to attempt.

6

Similarly, Staedter has managed to evade both of the process servers Plaintiff retained to effectuate service in both California and Nevada. The California Process Server attempted service on at Staedter's last known address, but no one answered her door. On or about April 26, 2022, Plaintiff was made aware that Staedter had moved to Las Vegas, but was unable to determine her new address. Afd. of Counsel, ¶ 4. However, Plaintiff was able to determine the address of Staedter's place of employment. *Id.* The Nevada Process Server went to that address and spoke to the gym's employees, who initially stated they did not know Staedter until the process server showed them a photo of Staedter in the gym that she posted to social media. Ex. 3. Then, the employees called Staedter, who told them she would not be accepting deliveries because "people were after her." Five days later, the process server drop served the documents at the gym.

Plaintiff has tried time and time again to perfect service on Leal and Staedter, despite their evasion efforts. Both Leal and Staedter are already on notice of this lawsuit and Plaintiff's claims, but have intentionally evaded service of Plaintiff's Complaint to avoid having to appear and defend in this action. A discretionary extension of time is warranted in these circumstances. *See Am. Indoor Football Ass'n v. Lockwood*, 267 F.R.D. at 666 (Granting a discretionary extension of time where the Defendants evaded service and were on notice of the pending claims and finding neither would be prejudiced by such extension). As such, the Court should grant Plaintiff's extension.

### III. CONCLUSION

For these reasons, the Plaintiff respectfully requests that this Court grant the Plaintiff an extension of time to perfect service upon Defendants Cammie Leal and Chelsea Staedter in the amount of an additional ninety (90) days.

        Respectfully submitted,

        /s/ Andrew Stebbins
        Andrew Stebbins (0086387)
        Buckingham, Doolittle & Burroughs, LLC
        1375 E. 9th St., Suite 1700
        Cleveland, Ohio 44114
        Phone: (216) 736-4233
        asteddins@bdblaw.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the Plaintiff's Memorandum in Support of Plaintiff's Motion for Extension of Time were served on June 7, 2022 via the court's electronic filing system to the Defendants and their respective counsel of record.

        */s/ Andrew Stebbins*
        Andrew Stebbins
        *Attorney for Plaintiff*