# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHEAL LEAL, an individual, | ) | CASE NO.: 1:22-CV-00150-MRB |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | JUDGE: HONORABLE MICHAEL R. BARRETT |
| FELICIA BEDEL, et. al. | ) ) | |
| *Defendants.* | ) ) ) | **PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE** |

Plaintiff Michael Leal, ("Plaintiff"), by and through undersigned counsel, hereby requests that the Court grant Plaintiff's Second Motion to Extend Time to Perfect Service upon Defendant Cammie Leal in accordance with Fed. R. Civ. P. 4(m). Plaintiff requests an additional sixty (60) days in which to perfect service, making the deadline to serve Defendant Leal November 18, 2022. In support thereof, Plaintiff submits the attached Memorandum in Support and Proposed Order.

Respectfully submitted,

/s/ *Michael Pelagalli*
Michael Pelagalli
Bar No. 0093995
Minc LLC
200 Park Ave, Suite 200
Orange Village, Ohio 44122
Ph: (216) 373-7706
mpelagalli@minclaw.com
*Trial Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHEAL LEAL, an individual, | ) | CASE NO.: 1:22-CV-00150-MRB |
| *Plaintiff,* | ) ) ) | JUDGE: MICHAEL R. BARRETT |
| v. | ) ) | |
| FELICIA BEDEL, et. al. | ) ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE** |
| *Defendants.* | ) ) ) | |

Plaintiff Michael Leal ("Plaintiff") by and through undersigned counsel, hereby submits his Memorandum in Support of his Second Motion for Extension of Time to Perfect Service upon Defendant Cammie Leal ("Defendant Leal").

**I.     BACKGROUND**

On March 23, 2022, Plaintiff filed his Complaint against four Defendants, Felicia Bedel, Cammie Leal, Chelsea Staedter, and Samantha Kerns (collectively "Defendants") based on their extensive online harassment campaign to ruin his reputation, financially cripple his business, and expose his confidential medical history. On June 13, 2022, this Court granted Plaintiff additional time to serve Defendants Staedter and Leal, both of whom were actively evading Plaintiff's service efforts. *See* Order Granting Pl.'s Mot. For Extension of Time to Perfect Service (6/13/2022), ECF 21. Since that time, Plaintiff was able to perfect service upon Defendant Staedter, but has been unable to perfect service upon Defendant Leal due to her continued evasion efforts.

Plaintiff has diligently sought to serve Defendant Leal since being granted an extension. At the time of this Court's Order, Defendant Leal was living in Tolleson, Arizona. *See* Pl. Memo. in Supp. Of Mot. For Extension of Time to Perfect Service, 2 (6/07/2022), ECF 20. On the third service attempt made by Plaintiff's process server to serve Defendant Leal at her Arizona

1

residence, a man who identified himself as Defendant Leal's husband aggressively escorted the process server off the property, warned the process server that he was a member of the MS13 gang, took photos of the server's vehicle, and threatened to shoot the process server if he came back to the property. *See* Affidavit of Arizona Process Server, attached hereto as Exhibit 1. Given these threats, Plaintiff requested leave to serve Cammie via email, which this Court declined to do. *See* Order Denying Motion for Alternative Service (5/5/2022), ECF 18.

Plaintiff then contacted the Maricopa County Sheriff's Office on June 14, 2022, to effectuate service. Before the Maricopa County Sheriff's Office could attempt service, Defendant Leal's Arizona residence was put up for sale and Defendant Leal vacated the state without providing a forwarding address. *See attached* Affidavit of Darcy Buxton, ¶ 3. Throughout July 2022, Plaintiffs investigated to find Defendant Leal's new residence, including running weekly background checks on Defendant and her husband, Kyle Lima, and monitoring their social media accounts. *Id.* at ¶ 4. The search evidenced several possible addresses associated with Defendant Leal's family members in and around Thiboaux and Livingston, Louisiana, but Plaintiff was unable to confirm where she was residing. *Id.* at ¶¶ 5-6.

On August 24, 2022, a background check displayed a new residential address for Defendant Leal and her husband: 16530 Spring Ranch Rd., Livingston, Louisiana 70754. *Id.* at ¶ 7. Plaintiff was able to positively identify this as Defendant Leal's residential address by cross referencing images of the home on Zillow.com and photographs Defendant Leal published on her social media pages. *Id.* at ¶ 7, Ex. B. Due to the prior threats against the process server in Arizona, Plaintiff engaged the Livingston sheriff's department to effectuate service on Defendant Leal at her residence. *Id.* at ¶ 8.

On August 30, 2022, the Livingston sheriff's department attempted service at Defendant's residence. *Id.* at ¶ 9, Ex. A.[1] A man matching Kyle Lima's description answered the door and told the sheriff that Defendant Leal no longer resided there. *Id*. Plaintiff spoke with the sheriff after the failed service attempt and produced evidence from Defendant Leal's social media accounts verifying her continued presence in the residence via her posts on social media. *Id.* at ¶ 10. The sheriff attempted service again on September 6, 2022 but was informed again by Mr. Lima that Defendant Leal had moved. *Id.* at ¶ 12. The sheriff made another service attempt on September 7, 2022, because a deputy officer lived near the property and confirmed that he had witnessed Defendant Leal and her vehicle at the property. *Id.* at ¶¶ 13-15. Each service attempt at the residence, Mr. Lima answered the door, claimed Defendant Leal was not living at the property, would not accept service of Plaintiff's summons, and then became hostile towards the sheriff. *Id*.

Given the continued difficulty serving Defendant Leal, Plaintiff has directed the clerk of courts to issue service via certified mail in accordance with Ohio R. Civ. P. 4.1. On September 13, 2022, a new summons was issued to Defendant Leal and is reflected on the court docket.

## II. ARGUMENT

A court must grant an extension of time to perfect service upon a defendant "if the plaintiff shows good cause for the failure [of service]." Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause, then the court must extend the service deadline. *Id.* If the plaintiff cannot show good cause, then the court may still discretionarily grant an extension of service. *See Henderson v. United* States, 517 U.S. 654, 662 (1996) ("courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'"); *Warrior Imps., Inc. v. 2 Crave*, 317 F.R.D.

---

[1] The Livingston Sheriff informed Plaintiff that they are writing an affidavit attesting to the details of their service attempts, but have not been able to do so prior to the filing of this Motion, instead providing a summary via email. Plaintiff can supplement this Motion with the affidavit upon its receipt if this Court prefers. Buxton Afd., ¶ 18.

3

66, 70 (N.D. Ohio 2016) ("[r]ule 4(m) gives the Court discretion to enlarge the 120-day period for service even in the absence of good cause").

### A. Good Cause Exists to Grant Plaintiff's Extension, Given Defendant Leal's Evasion.

While Fed. R. 4(m) does not define good cause, courts have repeatedly recognized that it generally means "a reasonable diligent effort to timely effect service of process." *Riddick v. S&P Data Ohio, LLC,* 2021 U.S. Dist. LEXIS 253936, *38 (citing *Pearison v. Pinkerton's Inc.,* 90 F. App'x 811, 813 (6th Cir. 2004)). Extraordinary circumstances may warrant a finding of good cause. *Warrior Imports v. 2 Crave,* 317 F.R.D. at 69 (citing *Habib v. GMC,* 15 F.3d 72, 73 (6th Cir. 1994)). "A touchstone example" of good cause for failure to perfect service of process is "when the defendant intentionally evades services of process," or otherwise where there is "something outside the plaintiff's control [that] prevents timely service." *Savoie v. City of E. Lansing,* 2022 U.S. App. LEXIS 23854, *10 (6th Cir.) (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991)).

Here, Plaintiff has diligently sought to serve Defendant Leal and has thus far been unsuccessful due to her evasion of service. Shortly after this Court granted Plaintiff additional time to serve Defendants Staedter and Leal, Defendant Leal vacated her residence in Arizona without leaving an identifiable forwarding address. Plaintiff diligently searched public records and monitored social media to determine where Defendant's new residence was. Buxton Afd. ¶¶ 2-5. Upon confirming that Defendant Leal lived at the Livingston, LA address, Plaintiff immediately engaged the Livingston sheriff's department to effectuate service. *Id.* at ¶¶ 7-8. Defendant Leal was actively posting photos of social media of her in the Livingston residence. *Id*. Her husband, who previously threatened to shoot the Arizona process server if he returned to the Arizona property, repeatedly represented to the Livingston sheriffs that Defendant Leal was not residing at

the Livingston address. *Id.* at ¶¶ 9, 12, 13. However, a deputy who lives near the address was able to confirm that he witnessed Defendant Leal residing at that address. *Id.* at ¶¶ 14-15.

Because Mr. Lima was hostile to the sheriffs and refused to accept residential service, Plaintiff has been unable to perfect service under Fed. R. Civ. P. 4(m). Plaintiff has now sought to serve Defendant Leal under the Ohio Rules, pursuant to Fed. R. Civ. P. 4(m) and this Court's May 5, 2022 Order Denying Motion for Alternative Service, by issuing service via certified mail. *Id.* at ¶¶ 16-17. Plaintiff was unable to do so prior to September 12 because he was unable to confirm Defendant's residence until that time. If, as Plaintiff expects, certified mail service is unsuccessful, then Plaintiff will require additional time to effectuate service via regular mail under Ohio R. Civ. P. 4.6, and/or move this court to allow service by other means, such as by publication. Thus, good cause exists for the extension and Plaintiff respectfully requests an additional 60 days to perfect service upon Defendant Leal.

**B. Even if this Court finds that Defendant Leal's Evasion does not Constitute Good Cause, it should Discretionarily Grant the Requested Extension**.

Should the Court find that good cause does not exist, the Court should, in its discretion, extend the deadline for service due to the intentional evasion efforts by Defendant Leal. In determining whether to discretionarily grant an extension of the deadline to perfect service, courts consider: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff has made any good faith efforts at effecting proper service of process. *Am. Sec. & Audio Video Sys. v. Baxter,* 2022 U.S. Dist. LEXIS 65952, *11 (N.D. Ohio)(citing *Warrior Imports v. 2 Crave,* 317 F.R.D. at 70).

5

The Advisory Committee to Fed. R. Civ. P. 4(m) and courts in this district consider whether defendants evade service as a substantial factor in granting discretionary extensions for service. *See* Fed. R. Civ. P. 4(m) Advisory Committee Notes, 1993 Amendment, Subdivision (m); *Rose v. Bersa*, 327 F.R.D. 628, 633-34 (S.D. Ohio 2018); *Doe v. Salvation Army in the United States*, No. 2:05-cv-00901, 2010 U.S. Dist. LEXIS 125940, at *9-10 (S.D. Ohio Nov. 17, 2010). *See also Indoor Football* 267 F.R.D. at 665-67 (extending the service deadline where there was evidence that the defendant was aware of the complaint against him, and where the defendant avoided the plaintiff's seven attempts to serve the Defendant at his house).

Plaintiff does not request an excessive extension of time, given the circumstances. Plaintiff is requesting an additional sixty days to allow enough time for Plaintiff to pursue other service methods if certified mail service is not successful. Dismissal of the action without prejudice would substantially prejudice the Plaintiff because he would be unable to pursue his claims against Defendant Leal and would be unable to sufficiently conduct discovery relating to his conspiracy claim against all Defendants. Plaintiff has made many efforts over the last three months to perfect service on Defendant Leal, as described in the previous section and attached affidavit.

Finally, the extension will not prejudice Defendant Leal, who is already well aware of this lawsuit and has actively been evading service for the last six months. Defendant has notice that the lawsuit is ongoing based on her social media activity. *See* Exhibit 2, Social Media Posts Regarding Lawsuit. In one post on her Instagram story, she taunted "I have not been served… yet… so I am still waiting []." In another post, she jokes "Pretrial conversations with [Defendant Bedel] about NOT making sarcastic jokes during litigation, so [Defendant Leal] doesn't yet "f*ck this dude" as a follow up. Send prayers, y'all." *Id*. In yet another post, Leal reposted "Current status in regards to Defendants being served in the [current] Lawsuit. Felicia has been served. I

6

(Sam) have been served. Cam has not been served. Chelsea has not been served." Leal reposted this with the song "U Can't Touch This" by M.C. Hammer playing in the background. *Id*. It's clear from this activity that Leal is aware of the present action. These posts also demonstrate her intention to evade service.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Plaintiff an extension of time to perfect service upon Defendant Leal in the amount of an additional sixty (60) days.

Respectfully submitted,

/s/ *Michael Pelagalli*
Michael Pelagalli
Bar No. 0093995
Minc LLC
200 Park Ave, Suite 200
Orange Village, Ohio 44122
Ph: (216) 373-7706
mpelagalli@minclaw.com
*Trial Attorney for Plaintiff*

7