**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MICHEAL LEAL, an individual, | ) | CASE NO.: 1:22-CV-00150-MRB |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | JUDGE MICHAEL R. BARRETT |
| v. | ) | |
| | ) | CHIEF MAGISTRATE JUDGE |
| FELICIA BEDEL, et. al. | ) | KAREN L. LITKOVITZ |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT STAEDTER'S SPECIAL MOTION TO STRIKE**

Now comes Plaintiff Michael Leal ("Plaintiff"), by and through undersigned counsel, and hereby submits this Memorandum  in Opposition to the Special Motion to Strike filed by Defendant Chelsea Staedter ("Defendant Staedter").

**I.      INTRODUCTION**

This care arises from the coordinated effort to defame and destroy Plaintiff's reputation by the Defendants via online platforms and social media. The case was filed on March 23, 2022, against Defendants Felicia Bedel, Cammie Leal, Samantha Kerns, and Chelsea Staedter, and includes claims for Libel *Per Se*, False Light, Intentional Infliction of Emotion Distress, Tortious Interference with Business Relationships, Invasion of Privacy, Civil Conspiracy, and Breach of Contract (against Defendant Cammie Leal only). (*See* Complaint.)

On September 21, 2022, Defendant Staedter filed a Special Motion to Strike the claims against her seeking application of California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, to this federal diversity case. Rather than file a motion pursuant to the Federal Rules of Civil Procedure, Defendant (untimely) filed this Special Motion to Strike under California's Anti-

1

SLAPP statute because of what Defendant Staedter readily admits are the "greater protections" afforded by the California state law. Indeed, California's Anti-SLAPP not only expedites the dismissal process while halting the discovery process, but it also places a heavier burden on the plaintiff to survive dismissal than is imposed by the Federal Rules. Further dissimilar from the Federal Rules of Civil Procedure governing the dismissal of cases, California's Anti-SLAPP statute statutorily entitles a prevailing defendant to an award of attorney's fees and costs incurred in bringing the Anti-SLAPP motion.

As explained below, and as supported by the established caselaw cited herein, Plaintiff's Special Motion to Strike fails because California's Anti-SLAPP statute is a procedural state law that also conflicts with the Federal Rules of Civil Procedure. For both of those reasons, as well as the untimeliness of Defendant's Special Motion, this Court should deny Defendant Staedter's Special Motion to Strike. Additionally, Plaintiff's Special Motion to Strike the claims against her fails under both Federal Rule 12 and California's heightened dismissal standard under the Anti-SLAPP statute, because Plaintiff has adequately pled and demonstrated herein Defendant Staedter has made provably false and defamatory claims online of and relating to Plaintiff Michael Leal.

## II.    FACTUAL BACKGROUND

Plaintiff Michael Leal is an entrepreneur in the fitness and bodybuilding industry, as well as a former Army Ranger. Plaintiff predominantly marketed and promoted his business and bodybuilding career online via social media until the Defendants' actions, as described herein, forced him to distance himself from online platforms and largely terminate his business activities all together. (Compl., at par. 1.) Plaintiff has been the victim of extensive harassment, both online and off, due to the Defendants' concerted effort to ruin his reputation, financially cripple his business, and expose his confidential medical history. Each of the four (4) Defendants have

2

defamed the Plaintiff and/or his business ventures and inflicted severe mental and emotional distress in retaliation for the termination of their respective romantic relationships with the Plaintiff. (*Id.*, at par. 8.)

Pertinent to this Special Motion, Defendant Chelsea Staedter was in a romantic relationship with Plaintiff in 2020 while Plaintiff was in the process of filing for dissolution from his marriage to Defendant Bedel. Staedter also has a career and substantial online presence in the fitness and bodybuilding industry. Plaintiff provided Defendant Staedter with business advice, and she promoted his business on numerous occasions. Plaintiff ended the romantic relationship with Defendant Staedter when he discovered that she had given him a sexually transmitted disease. (*Id.*, at par. 19.) Staedter admitted responsibility for transmitting the disease and apologized to Plaintiff. The end of their relationship was amicable, and Plaintiff continued to provide Staedter with business advice thereafter. (*Id.*, at par. 19; *see* Affidavit of Michael Leal, attached hereto as Exhibit "A.")

At some point after Defendant Bedel retained Defendant Kerns to be her "revenge coach" against Plaintiff, Defendant Staedter (along with Defendant Cammie Leal) joined the coordinated effort to destroy Plaintiff's reputation. (Compl., at par. 22.) Specifically, Defendant Staedter has falsely claimed that Plaintiff gave her chlamydia and that he engages in unethical and/or unlawful business practices by selling dangerous products. (*See* Complaint and Exhibit A.) Defendant Staedter went as far as to urge her social media followers to report Plaintiff to the Food and Drug Administration in order to raise questions into the minds of her audience and the public of Plaintiff's business practices. (*Id.*) Defendant's false and defamatory statements about Plaintiff have foreseeably caused significant reputational harm, mental anguish and distress, and other compensable damages as set forth in the Complaint. Defendant Staedter, however, now seeks

application of California state law to obtain the benefit of the "greater protections" than she could obtain via the established Federal Rules of Civil Procedure governing the dismissal of claims.

## III.     LAW AND ARGUMENT

### A.        CALIFORNIA'S ANTI-SLAPP STATUTE IS NOT APPLICABLE

Although Defendant's Special Motion to Strike pursuant to Cal. Code Civ. Proc. § 425.16 is based upon on immediate (and misguided) application of the doctrine of *depecage* to apply California state law to this defamation case, this Court must first determine whether the California Anti-SLAPP statute is procedural or substantive in nature and whether it conflicts with the Federal Rules of Civil Procedure. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487 (1938). The main aims of the *Erie* Rule are to (1) avoid the inequitable administration of laws by permitting the character or result of a litigation to materially differ according to whether the suit is brought in a federal or state court; and (2) discourage forum-shopping. *Hanna v. Plumer*, 380 U.S. 460, 467-468, (1965). If the state Anti-SLAPP statute is found to be procedural in nature, then the state Anti-SLAPP statute will not apply in federal court and the analysis ends there. If the state Anti-SLAPP statute is substantive or has substantive portions, then the court must decide whether the substantive portions directly conflict with federal procedural law. If there is a conflict with federal procedural law, the state Anti-SLAPP statute will not apply and the analysis ends there. *Id.*

Contrary to the Defendant's assertion, the only federal courts that "routinely"[1] allow state Anti-SLAPP statutes to apply are the First and Ninth Circuits. In fact, more federal circuits have held that Anti-SLAPP statutes are procedural in nature and/or conflict with the Federal Rules of Civil Procedure, and are thus, inapplicable in federal court. Indeed, the Second Circuit, D.C.

---

[1] Def. Mot. at 1; 4.

Circuit, Tenth Circuit, and Eleventh Circuit have held that state Anti-SLAPP laws do not apply in federal court. *Abbas v. Foreign Policy Grp., LLC*, No. 13-7171, 783 F.3d 1328, 2015 WL 1873140 (D.C. Cir. 2015) (finding that the anti-SLAPP did not apply in federal court); *In re Gawker Media LLC*, 571 B.R. 612, 64 Bankr. Ct. Dec. (CRR) 167 (Bankr. S.D. N.Y. 2017) (holding that California Anti-SLAPP did not apply because it interfered with Federal Rules 12 and 56); *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659 (10th Cir. 2018) (holding that New Mexico anti-SLAPP statute was inapplicable in federal Court); *Carbone v. Cable News Network, Inc.,* 910 F.3d 1345, 102 Fed. R. Serv. 3d 468 (11th Cir. 2018) (finding that motion-to-strike procedure in Georgia anti-SLAPP law conflicted with federal rules and could not apply in federal court).[2] While the Sixth Circuit has yet to address this question, at least one court in the Sixth Circuit has evaluated the question of whether to apply the California Anti-SLAPP statute and has elected to follow the approach of the Fifth and Eleventh Circuits in not applying the Anti-SLAPP statute. *Lampo Group, LLC v. Paffrath*, 2019 U.S. Dist. LEXIS 1225323 (July 23, 2029; M.D. TN).

### 1.    California's Anti-SLAPP Statute is Procedural in Nature.

The Defendant's Special Motion to Strike under the California Anti-SLAPP statute should be wholly denied because California's Anti-SLAPP law is procedural in nature. The California Anti-SLAPP statute, as interpreted by California courts, has been interpreted as a way for a party

---

[2] The Fifth Circuit is split on the issue of whether a state Anti-SLAPP statute applies in federal court. In *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 168 (5th Cir. 2009) the Fifth Circuit held that the Louisiana anti-SLAPP applied to a diversity case in federal court. However, when faced with the issue again in *Klocke v. Watson*, 936 F.3d 240, 2019 U.S. App. LEXIS 25343, 2019 WL 3977545, the Fifth Circuit ruled that the Texas Anti-SLAPP did not apply, as it was a procedural remedy for defendants. The Seventh Circuit has not explicitly decided this issue; however, it is likely that it would also hold that state Anti-SLAPPs do not apply in federal court. In *Intercon Solutions, Inc. v. Basel Auction Network*, the Seventh Circuit faced the issue of whether Washington's Anti-SLAPP was applicable in federal court, however, declined to do a full analysis when the case was decided on other grounds. *Intercon Solutions, Inc. v. Basel Action Network*, 791 F.3d 729 (2015). Notably, the lower court squarely faced the issue before appeal and determined that the Anti-SLAPP directly interferes with the Federal Rules' mode of operation, making it void in federal court.

to move to dismiss "certain unmeritorious claims that are brought to thwart constitutionally protected speech or petitioning activity." *Robinzine v. Vicory* (2006) 143 Cal.App.4th 1416, 1420-1421, 50 Cal. Rptr.3d 65), citing § 425.16. Other California courts have held that the statute serves as a "gatekeeping" function to screen out meritless claims. *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.  The California Anti-SLAPP provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech … in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal Code Civ Proc § 425.16(b)(1). The plain language of California's Anti-SLAPP statute reveals the law is nothing more than a "procedural mechanism" designed to expedite the disposal of frivolous lawsuits aimed at threatening free speech rights. *See Los Lobos,* 885 F.3d 659. Because it is procedural in nature, California's Anti-SLAPP is inapplicable in federal court and Plaintiff's Special Motion to Strike must be denied.

### 2.    The California Anti-SLAPP Statute Directly Conflicts with the Federal Rules of Civil Procedure.

Even if this Court finds that California's Anti-SLAPP is substantive in nature, the California Anti-SLAPP statute cannot apply in federal court because it interferes with the Federal Rules of Civil Procedures. A state rule conflicts with a federal procedural rule when it imposes additional procedural requirements not required by the Federal Rules of Civil Procedure. *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019), as revised (Aug. 29, 2019) (finding that Texas anti-SLAPP law's burden-shifting framework could not apply in federal court because it imposed additional requirements beyond those found in the Federal Rules of Civil Procedure) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333, 414 U.S. App. D.C. 465 (D.C. Cir. 2015)). If the application of

state law would effectively void a federal rule, then a federal court must apply the federal rule unless the federal rule is inapplicable or is invalid under the Rules Enabling Act. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398 (2010) (citing *Hanna v. Plumer,* 380 U.S. 460, 469-71 (1965)).

In *Abbas v. Foreign Policy Group*, Abbas sued Foreign Policy magazine after they published an article about Abbas. Foreign Policy magazine filed a motion to dismiss under the D.C. Anti-SLAPP and Rule 12(b)(6). The district court granted the motion pursuant to the Anti-SLAPP and denied the 12(b)(6) motion as moot. On appeal, the court found that a conflict existed between the Anti-SLAPP and federal rules 12(b)(6) and 56(a), explaining that **both "answer the same question**" as to whether the circumstances permit dismissal of a case before trial. The court held that the federal rules were broad enough to displace the Anti-SLAPP. *See also In re Gawker Media LLC*, 571 B.R. 612, 64 Bankr. Ct. Dec. (CRR) 167 (Bankr. S.D. N.Y. 2017) (holding that California Anti-SLAPP did not apply because it interfered with Federal Rules 12 and 56); *Lampo Group, LLC v. Paffrath*, 2019 U.S. Dist. LEXIS 122523 (July 23, 2029; M.D. TN).

At least one Sixth Circuit district court has held the Anti-SLAPP statute to be inapplicable for this reason. In *Lampo Group, LLC,* the Middle District of Tennessee applied the same two-step analysis to determine whether the California Anti-SLAPP should apply in a defamation action and reached the same conclusion. *See Lampo Group, LLC,* at *7-8 ("because rules 8, 12, and 56 are valid under the Rules Enabling Act and the Constitution and govern the same basic question as the California Anti-SLAPP statute, the motion to strike procedure created by the California anti-SLAPP statute cannot apply in federal court").

In this case, Defendant Staedter has moved for dismissal of all of Plaintiff's claims against her pursuant to the California Anti-SLAPP statute. In pertinent part, the California Anti-SLAPP statute provides:

> The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process.
>
> * * *
>
> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech … in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal Code Civ Proc § 425.16(a) and (b)(1).

Like the state Anti-SLAPP laws examined in *Abbas* and *Carbone,* a conflict exists between the California Anti-SLAPP and Federal Rules 12(b)(6) and 56(a), because the California Anti-SLAPP statute and the Federal Rules **answer the same question** as to whether the circumstances permit dismissal of a case before trial. California's Anti-SLAPP statute, however, requires a plaintiff to "establish that there is a probability that [he or she] will prevail on the claim." 425.16(b)(3). California's Anti-SLAPP also states that a "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." 425.16(c)(1).

Contrary to Defendant's contention that "California's anti-SLAPP harmonizes with the Federal Rules of Civil Procedure," the California Anti-SLAPP statute directly conflicts with Fed. R. Civ. P. 12(b)(6) and 56(a). Under Rule 12(b)(6), a federal court may dismiss a case for failure to state a claim upon which relief may be granted if, accepting all factual allegations as true, the

8

complaint does not state a plausible claim for relief. Fed. R. Civ. P 12(b)(6). Rule 56 states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Federal Rules of Civil Procedure **do not** require a plaintiff to show likelihood of success on the merits at the beginning of the case to survive dismissal. The Federal Rules of Civil Procedure also **do not** subject a plaintiff to the risk of having to pay a defendant's attorney's fees and costs if plaintiff cannot, at the earliest of junctures and before any discovery is conducted, establish a likelihood of prevailing on the merits of the case. Federal Rules 12 and 56 are valid under the Rules Enabling Act and, therefore this Court should not apply California's Anti-SLAPP in this case.

> B. **OHIO CONFLICT OF LAWS RULES DO NOT SUPPORT APPLICATION OF THE CALIFORNIA ANTI-SLAPP TO THIS FEDERAL DIVERSITY CASE**.

Plaintiff contends that Ohio's conflicts of law rules are immaterial to the disposition of this Special Motion to Strike for the reasons set forth above.  That said, if the Court finds that California's Anti-SLAPP statute is substantive in nature and does not conflict with the Federal Rules of Civil Procedure 8, 12, and/or 56, Defendant's Special Motion to Strike still fails because Ohio's Conflict of Laws Rules do not support application of the "greater protections" afforded by California's Anti-SLAPP statute.

In federal court, the forum-state's laws on conflict of laws apply when determining whether to apply non-forum law. Ohio has adopted the Restatement of the Law 2d, Conflict of Laws (1971) ("Restatement"), in its entirety to govern choice-of-law analysis. *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 112 Ohio St.3d 521, 2007-Ohio-608, ¶ 8. Consistent with the Restatement, Ohio courts have held that the **location of the injury controls** unless there is a state which has a more significant interest in applying its law. *Young v. That Was The Week That Was*, 312 F. Supp. 1337

(N.D. Ohio, 1969); *Yoder & Frey Auctioneers, Inc. v. Equipmentfacts, LLC*, 2013 U.S. Dist. LEXIS 120920 (N.D. Ohio). Ohio courts apply the doctrine of *depecage* with caution. *See Croce v. Sanders,* 459 F. Supp. 3d 997, at 1028 (citing *Estate of Sample v. Xenos Christian Fellowship, Inc.,* 2019-Ohio-5439, ¶ 27).

There is no credible argument to be made that the location of the injury here is California. Indeed, Plaintiff's Special Motion to Strike is based solely upon the lone fact that Defendant made the defamatory statements as a California resident. (Plaintiff's Special Motion to Strike, at pp. 4-6.) That single consideration, however, is substantially outweighed by the fact that Plaintiff, at all times relevant, was a resident of the State of Colorado, the other Defendants who conspired with Defendant Staedter to defame Plaintiff are not California residents either, and that Plaintiff contends the civil conspiracy alleged in the Complaint was originated and/or maintained in Ohio. The analysis here is not as simple as Defendant claims, because the factors to be considered must account for the substantial reach of the statements made online to a large national audience/following of Defendant.[3]  Plaintiff has utterly failed to demonstrate why California has a more significant interest in the dispositions of these claims than another state that has been involved in this civil conspiracy amongst the Defendants.  Moreover, any "interest" the state of California may claim to have in applying its state Anti-SLAPP statute, said interest is thwarted by the fact that Defendant made false and defamatory statements about Plaintiff that do not fall under any definition of "protected activity" under California law and because Defendant failed to follow the statutory requirements in filing the Special Motion under California law.

---

[3] The parties involved have significant online audiences and national customers and clients. To the extent the Court even reaches the issue of this conflict of law analysis in deciding this Special Motion to Strike, Plaintiff respectfully requests a reasonable amount of time to conduct discovery as to the factors considered in this analysis. For purposes of this Motion, however, the point remains that California is not the state law that should be applied in this case brought by a non-California resident simply because Defendant made her specific multiple online statements to her large national audience while physically located in California.

**C.** **DEFENDANT CANNOT CLAIM RELIEF UNDER THE STATUTE BECAUSE SHE FAILED TO TIMELY FILE THE MOTION**.

Even if this Court were to find that the California Anti-SLAPP statute applied, the Defendant could not claim its relief because she failed to timely file her Special Motion to Strike. A California Anti-SLAPP motion must be filed within 60 days of the service of the complaint, or in the court's discretion, at any later time upon terms it deems proper. Cal. Code. Civ. Proc. § 425.16(f).

The Southern District of Ohio recently considered whether to use *depecage* to apply the Indiana Anti-SLAPP to a defamation claim in Ohio. *Croce v. Sanders*, 459 F. Supp. 3d 997, 1028 (S.D. Ohio 2020). The court **did not** feel the need to analyze whether to apply *depecage* to allow the defendant to seek attorney's fees under the statute because the defendant had not complied with the statute's procedural and substantive requirements. *Id*. "Other than pleading the defense in his answer, the defendant did not comply with any of the Act's requirements." *Id*.

In *Croce*, the defendant raised the Anti-SLAPP argument in their motion for summary judgment under R. 56. The statute required that the Anti-SLAPP motion be a preliminary motion, i.e. a motion to dismiss under R. 12(b)(6). Thus, the defendant did not comply with the procedural requirements of the statute and could not recover fees. Here, as in *Croce*, even if this Court applied *depecage*, the Defendant would not be able to utilize the California statute because she failed to file the Anti-SLAPP motion within the 60-day period of time imposed by the California rule.

While the California Anti-SLAPP law does give courts discretion in allowing special motions to strike filed after the sixty-day deadline, there must still be a legitimate basis for the delay. *See e.g. Kunysz v. Sandler,* 146 Cal. App. 4th 1540, 1543 (2007)(affirming the dismissal of

11

an Anti-SLAPP motion as untimely because it was filed after the complaint had been answered and the case pending for almost a year); *Karnazes v. Ares,* 244 Cal. App. 4th 344, 349 (2016) (holding an Anti-SLAPP motion was timely filed because there was a motion to transfer venue pending which operated as a stay of proceedings); *Hewlett-Packard Co. v. Oracle Corp.,* 239 Cal. App. 4th 1174, 1186-1187 (6th Dist. 2015)(holding an Anti-SLAPP was filed too late to accomplish the statutory objectives and that the defendant offered no colorable excuse for the untimeliness); *Morin v. Rosenthal,* 112 Cal. App. 4th 673 (2004)(a court did not abuse its discretion in denying an Anti-SLAPP motion filed 90 days after remand); *Platypus Wear, Inc. v. Goldberg,* 166 Cal. App. 4th 772, 775 (2008)(holding a party may not file an Anti-SLAPP after the 60-day deadline unless the trial court expressly granted permission); *Chitsazzadeh v. Kramer & Kaslow,* 199 Cal. App. 4th 676, 685 (2011)(while failing request permission for a late filing is not automatically fatal to an Anti-SLAPP motion, "untimely filing of the special motion to strike justifies its denial…").

Defendant Staedter, after intentionally evading service of Plaintiff's complaint for several months,[4] was served on June 15, 2022. Sixty days from the date of service was August 14, 2022. Defendant provides no justification or rationale for failing to file this motion within the timeframe allowed, despite having obtained an unopposed 30-day extension to file a response to Plaintiff's complaint. *See* Or. Granting Def. Staedter's Extension of Time, ECF 27 (7/5/2022). Defendant cannot ask this Court to grant her the extraordinary relief imposed by the California statute and yet not comply with the statute herself. Therefore, like the Southern District Court in *Croce*, this Court should deny Defendant's Motion and refuse to apply California's Anti-SLAPP statute.

---

[4] *See* Pl. Mot. for Extension of Time to Perfect Service, ECF 20 (6/07/2022)(granted on 6/13/2022).

**D.** **PLAINTIFF HAS PLED A PLAUSIBLE CLAIM FOR DEFAMATION AGAINST DEFENDANT STAEDTER AND HAS DEMONSTRATED A LIKELIHOOD OF PREVAILING ON THE MERITS**

Even if this Court finds that California's Anti-SLAPP statute applies in this federal diversity case, Defendant's Special Motion to Strike fails because Plaintiff has pled a plausible claim for defamation against Defendant Staedter and has demonstrated herein a likelihood of prevailing on the merits. At the outset, Defendant inaccurately claims that "Plaintiff's Complaint seeks to haul a California resident across the county in a futile attempt to punish herself for exercising her First Amended right to speak about drug safety." While Defendant Staedter's false and defamatory statements regarding Mr. Leal's unsafe products and/or unethical or unlawful business practices remain at issue in this case, Defendant Staedter fails to mention once in her Special Motion that she has also falsely and publicly claimed that Plaintiff gave her a sexually transmitted disease.

In Ohio, defamation consists of five elements: "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Woods v. Summertime Sweet Treats, Inc.*, 7th Dist. No. 08-MA-169, 2009-Ohio-6030, P29, citing *Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481 (9th Dist.1996). In order for a statement to be defamatory *per se*, it must be defamatory upon the face of the statement. *See Becker v. Toulmin*, 165 Ohio St. 549, 556, 138 N.E.2d 391 (1956). A statement constitutes defamation *per se* if the publication "reflects upon the character of such person by bringing him into ridicule, hatred or contempt, or affects him injuriously in his trade or profession." *Id*.

Defendant Staedter's claim, published online via Instagram Stories and Instagram Live, that Plaintiff gave her chlamydia is false, defamatory, and directly contradicted by the text messages sent between Plaintiff and Defendant Staedter. (*See* Ex. A.) Plaintiff did not give

13

Defendant Staedter a sexually transmitted disease and Defendant Staedter admitted as much on numerous occasions. (Ex. A.) Plaintiff is in possession of text messages from Defendant Staedter in which she admits to having transmitted the disease to Plaintiff. (Ex. A.) Plaintiff is not in any way alleging that Defendant Staedter transmitted the disease to Plaintiff knowingly. But the notion that Plaintiff gave the disease to Defendant is simply not true.

Further, by her own admission, the content of her statements regarding Plaintiff's business practices and products "raised questions about whether and to what degree Plaintiff was in compliance with FDA regulations." (Defendant's Special Motion at 10.) In other words, her statements were not really made to alert the public as to potentially dangerous products. Her statements were intended to create questions in the minds of her significant online following, and the public at large, as to whether *Plaintiff Michael Leal* was operating his business ethically and lawfully in accordance with the FDA. That is because these false claims and baseless instructions to her followers was part of the overarching plan to destroy Michael Leal, including her false claim that he gave her a sexually transmitted disease. This is not the type of "protected activity" contemplated by California's Anti-SLAPP statute, and it the statements related to Plaintiff's business practices are certainly not the only defamatory statements in dispute in this case against Defendant Staedter.

All the elements for a defamation claim have been plausibly alleged in Plaintiff's Complaint against Defendant Staedter. Defendant Staedter has made provably false and defamatory per se statements regarding Plaintiff that she knowingly had no justification to make and which has caused significant damages to Plaintiff. Under Rule 12 of the Federal Rules of Civil Procedure, Plaintiff has satisfied his burden to survive dismissal of the claims against Defendant Staedter.

Under the heightened standard imposed by California's inapplicable Anti-SLAPP statute, Plaintiff has still satisfied his burden to defeat this Special Motion to Strike. First, Defendant Staedter's claim that Plaintiff gave her a sexually transmitted disease does not qualify as a "protected activity," as defined by § 425.16(e). The accusation that Plaintiff gave Defendant Staedter a sexually transmitted disease is not a public issue or an issue of public interest under California law. The two-prong California Anti-SLAPP analysis then requires a plaintiff to show a likelihood of prevailing on the merits. On that front, the text messages authored by Defendant Staedter regarding this very issue speak for themselves and establish the truth of the matter—that Plaintiff **did not** give Defendant Staedter a sexually transmitted disease. Plaintiff is likely to succeed on the merits of his defamation claims against Defendant Staedter.

## IV.    CONCLUSION

California's Anti-SLAPP statute is a procedural law that does not apply to this federal diversity case and it directly conflicts with the Federal Rules of Civil Procedure. Defendant Staedtler's Special Motion to Strike fundamentally fails on these grounds. Moreover, under both Federal Rule 12 and California's Anti-SLAPP statute, Plaintiff's Special Motion to Strike fails because Plaintiff has asserted a plausible claim for relief against Defendant Staedter based on the provably false and defamatory statements she made about Plaintiff. Accordingly, claims against Defendant Staedter should not be dismissed and this Court should deny Defendant Staedtler's Special Motion to Strike.

Respectfully submitted,

/s/ *Michael Pelagalli*
Michael Pelagalli
Bar No. 0093995
Minc LLC
200 Park Ave, Suite 200
Orange Village, Ohio 44122
Ph: (216) 373-7706
mpelagalli@minclaw.com
*Trial Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 12th day of October, 2022, a true and correct copy of the foregoing was served via the court's electronic filing system to all parties.

/s/ *Michael Pelagalli*
Michael Pelagalli

*Trial Attorney for Plaintiff*