# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL LEAL,                          Case No. 1:22-cv-150
      Plaintiff,                    Barrett, J.
                                 Litkovitz, M.J.

      v.

FELICIA BEDEL, *et al.*,               **REPORT AND**
      Defendants.                   **RECOMMENDATION**

This matter is before the Court on defendant Chelsea Staedter's special motion to strike plaintiff's claims against her (Doc. 40).  In this diversity case, Staedter seeks to invoke California's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, California Civil Procedure Code § 425.16, to strike plaintiff Michael Leal's claims against her and recover her attorney fees.  Leal opposed the motion (Doc. 42), and Staedter filed a reply memorandum (Doc. 44).  Because the Court lacks personal jurisdiction over defendant Staedter, claims against her should be dismissed, and the hearing currently set for November 3, 2022 is vacated.

## I.  Background

Plaintiff Micheal Leal, a social media influencer and entrepreneur in the bodybuilding industry, alleges that defendants (his two ex-wives, his ex-girlfriend, and a "revenge coach") conspired to harass him in an effort to ruin his reputation, expose confidential personal information, and financially cripple his business.  (Doc. 1 at ¶¶ 1-5, 8).  Plaintiff resides in New York.  (*Id.* at ¶ 1).  Defendant Felicia Bedel resides in Cincinnati, Ohio.  (*Id.* at ¶ 2).  Defendant Cammie Leal resides in Arizona.  (*Id.* at ¶ 3).  Defendant Chelsea Staedter resides in California.  (*Id.* at ¶ 4).  Defendant Samantha Kerns resides in Georgia.  (*Id.* at ¶ 5).

Defendant Chelsea Staedter, the movant here, had a brief romantic relationship with plaintiff in 2020, while he was in the process of dissolving his marriage to Cammie Leal.

Staedter also has a career and substantial online presence in the fitness and bodybuilding industry. (Doc. 1 at ¶ 4). Plaintiff alleges that Staedter published false statements to social media concerning plaintiff's personal and professional activities and "instructed her followers to report Plaintiff's business to the FDA" even though she sold an identical product. (*Id.* at ¶¶ 26, 29).

Staedter filed the instant motion (Doc. 40) pursuant to California's anti-SLAPP statute, California Civil Procedure Code § 425.16. She asks the Court to strike plaintiff's claims against her and order plaintiff to pay her attorney fees. (Doc. 40 at PAGEID 181). Section 425.16 provides, in relevant part:

> (a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

> (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

> (c)(1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is

frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

Cal. Civ. Proc. Code § 425.16.

In support of her contention that Leal cannot establish a probability of success on the merits as required by § 425.16(b)(1), Staedter argued that this Court lacks personal jurisdiction over her.  (Doc. 40 at PAGEID 177-178, Doc. 44 at PAGEID 219, 224).  According to her declaration, Staedter has lived in California since 2016, has never been to Ohio, and all alleged statements were made, if at all, in California.  (Doc. 40-1 at PAGEID 183).  Despite filing a lengthy memorandum in opposition and an affidavit of his own, Leal does not dispute that this Court lacks personal jurisdiction over Staedter.[1]  (Docs. 42, 42-1).

## II.  Legal Standard

"When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so."  *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021).  Plaintiff bears the burden to establish through "specific facts" that the Court has personal jurisdiction over each non-resident defendant.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (quoting *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n.3 (6th Cir. 2006)).  Where a federal court decides the jurisdictional issue without an evidentiary hearing, plaintiff must make only a prima facie case for personal jurisdiction.  *Id.*

## III.  Analysis

Staedter raised her challenge to personal jurisdiction in a special motion to strike under California's anti-SLAPP provision rather than in a more common Federal Rule of Civil

---

[1] Although neither party argues that Staedter waived personal jurisdiction, the Court notes that she raised lack of personal jurisdiction as an affirmative defense in answering Leal's complaint as well as in her only defensive motion.  (Doc. 31 at PAGEID 123, Doc. 40).

Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction.  (Doc. 40).

"[J]urisdictional questions ordinarily must precede merits determinations in dispositional order,"

but "a federal court has leeway 'to choose among threshold grounds for denying audience to a

case on the merits.'"  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422,

431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).  "Because

personal jurisdiction is a threshold determination linked to any subsequent order issued by the

court," *Kroger Co.*, 437 F.3d at 510, the Court will address personal jurisdiction before

examining whether anti-SLAPP provisions apply in this federal diversity case.[2]  *See Williams v.

Kula*, No. 20-cv-1120 TWR (AHG), 2020 WL 7770915 (S.D. Cal. Dec. 29, 2020) ("[D]eclining

to rule on the anti-SLAPP motion makes particular sense where, as here, the action is dismissed

for lack of personal jurisdiction because Defendants 'cannot have it both ways,' claiming both

that the Court lacks jurisdiction over them but also seeking an affirmative exercise of the Court's

jurisdiction to obtain a fee award.").

For the Court to assert personal jurisdiction over a non-resident defendant, plaintiff must

present facts demonstrating that:  (1) jurisdiction is proper under Ohio's long-arm statute or other

jurisdictional rule; and (2) exercising personal jurisdiction comports with the Due Process

Clause.  *Blessing*, 988 F.3d at 901; *Conn*, 667 F.3d at 711.  "Of course, if jurisdiction is not

proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state

---

[2] While the Sixth Circuit has not yet determined whether state anti-SLAPP statutes apply in federal courts sitting in diversity cases, other Circuits are split on this issue.  *Compare La Liberte v. Reid*, 966 F.3d 79, 87-88 (2d Cir. 2020), *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019), *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1351 (11th Cir. 2018), *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668-669 (10th Cir. 2018), *and Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1333-1337 (D.C. Cir. 2015) *with Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) *and Godin v. Schencks*, 629 F.3d 79, 81 (1st Cir. 2010).  District Courts within the Sixth Circuit similarly disagree on whether to apply state anti-SLAPP statutes in federal diversity cases. *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 836, 844 (E.D. Mich. 2019) *and Lampo Group v. Paffrath*, No. 3:18-cv-1402, 2019 WL 3305143 (M.D. Tenn. July 23, 2019).

long-arm statute, and vice-versa." *Conn*, 667 F.3d at 711-12; *Hilton Parker LLC v. John Doe Corp.*, No. 2:21-cv-1379, 2022 WL 3682278 at *3 (S.D. Ohio Aug. 25, 2022) ("Because [plaintiff] has not carried its burden to set forth specific facts showing that this Court's exercise of personal jurisdiction over [defendants] comports with due process, the Court need not and does not address Ohio's long-arm statute.").

"Due process requires that an out-of-state defendant have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing*, 988 F.3d at 904 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  To establish minimum contacts:

> The defendant must "purposefully avail[ ] [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law," which "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal citations omitted).  A defendant may be subject to personal jurisdiction even if she does not physically enter the forum state, if her "efforts are 'purposefully directed' toward residents of another State," *id.* at 476, 105 S.Ct 2174, but "the plaintiff cannot be the only link between the defendant and the forum," *Walden [v. Fiore]*, 571 U.S. [277,] 285, 134 S.Ct. 1115 [2014].

*Blessing*, 988 F.3d at 904.

Allegedly tortious social media postings alone do not satisfy the purposeful availment requirement absent evidence that the communications were "specifically directed at the forum state." *Id.* at 905.  In *Blessing*, two nonresident defendants urged their social media followers to "identify and shame" certain Kentucky high school students and to contact their Kentucky school following an incident between the students and others at a March for Life rally in Washington, D.C. *Id.* at 906.  Even though the social media posts allegedly caused followers to "dox" plaintiffs in Kentucky, the Court concluded that due process forbade asserting personal jurisdiction over the nonresident social media posters because the posters had no preexisting

relationship with the Kentuckians, "did not otherwise avail themselves of the benefits and protections of Kentucky's laws," and did not post the messages "hoping to reach Kentucky specifically as opposed to their [social media] followers generally."  *Blessing*, 988 F.3d at 906.

In the case at bar, defendant Staedter has even less to do with the forum state than the defendants in *Blessing*.  Staedter has never been to Ohio, made the alleged social media posts in California, does not mention Ohio in her posts, did not direct her posts at an Ohioan's alleged behavior, and did not post the messages hoping to reach Ohio specifically as opposed to her social media followers generally.  (Steadter Dec., Doc. 40-1 at PAGEID 183).  While she had a preexisting relationship with plaintiff Michael Leal, Leal currently resides in New York (Doc. 1 at ¶ 1) and resided in Colorado during his relationship with Staedter (Doc. 42 at PAGEID 194). Neither plaintiff's complaint nor his affidavit allege that any of his interactions with Staedter involved Ohio in any way.  (Doc. 1, Doc. 42-1).  As defendant Staedter has not availed herself of the laws and protections of the state of Ohio, this Court's exercise of personal jurisdiction over her would offend due process.

Although plaintiff avoids the jurisdictional issue in responding to Staedter's motion, his complaint alleges that defendants engaged in a "concerted effort to ruin his reputation, financially cripple his business, and expose his confidential medical history" "led primarily by Defendant Kerns as a part of her 'revenge coaching' business."  (Doc. 1 at ¶ 8).  Defendant Kerns is a Georgia resident.  (Doc. 1 at ¶ 5).  To the extent that plaintiff alleges a "conspiracy theory" of personal jurisdiction, the Southern District of Ohio has declined to apply such a theory "in light of the Supreme Court's admonition that '[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant[.]"  *Hilton Parker LLC*, 2022 WL 3682278, at *7 (declining to assert personal jurisdiction over nonresident defendants

who allegedly conspired with an Ohio attorney to post negative Google reviews for a competing

Ohio law firm.  Because this Court lacks personal jurisdiction over defendant Staedter,

plaintiff's claims against her should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's claims against defendant Chelsea Staedter be **DISMISSED** for lack of

   personal jurisdiction;

2. Staedter's special motion to strike plaintiff's claims against her (Doc. 40) be

   **DENIED AS MOOT**;

In light of these recommendations, the hearing currently set for November 3, 2022 is

**VACATED**.

Date:  10/28/2022

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL LEAL,                                           Case No. 1:22-cv-150
      Plaintiff,                                       Barrett, J.
                                                       Litkovitz, M.J.
      vs.

FELICIA BEDEL, *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).