## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into as of the Effective Date, by and between Plaintiff Michael Leal and Defendant Chelsea Staedter. (collectively "the Parties").

## RECITALS

**WHEREAS,** Mr. Leal filed a lawsuit against Ms. Bedel, Ms. Adamo, Ms. Leal, and Ms. Staedter, (hereinafter "the Lawsuit") alleging the publication of false and defamatory statements about him.

**WHEREAS,** the Parties desire to fully and finally resolve the Lawsuit and any and all claims or disputes which could be raised by one against the other in any state, federal, administrative, or other legal proceeding in an amicable manner without the difficulties and expense involved in court or other proceedings.

**NOW, THEREFORE,** in consideration of the promises contained herein, the Parties hereby agree as follows:

1. **Mutual General Release.** Except for the obligations contained in this Agreement, the Parties herein and hereby release, acquit, and forever discharge one another and their respective past, present and future agents, representatives, employees, attorneys, predecessors-in-interest, and successors-in-interest, from any and all claims, obligations or liabilities of any kind or nature whatsoever, whether known or unknown. It is the clear and unequivocal intention of the Parties in executing this Agreement that it shall be effective as a full and final accord and satisfaction, whether said claims are referenced in or specifically contemplated by this Agreement, irrespective of whether said claims are referenced in or specifically contemplated by this Agreement, *provided however,* that nothing in this provision shall preclude any claim for resulting damages or specific performance that may arise by virtue of a breach of an undertaking, representation, warranty, or promise set forth in this Agreement, and that nothing in this agreement shall affect the terms of Plaintiff's divorce agreements with Ms. Bedel or Ms. Leal.

2. **Non-Disparagement.** The Parties shall not directly or indirectly, whether through their own means or through an agent or otherwise, disparage or defame the other Parties. Specifically, the Parties shall:

    a. Permanently refrain from authoring, collaborating, and/or publishing and/or re-publishing any mention of, information about, or reference to each other or their families on any website, web page, or in any other media, or elsewhere, whether directly or indirectly, whether by a Party or through an agent or otherwise, including but not limited to any reference to the lawsuit;

    b. Should any party be directly asked about the status of the lawsuit and/or the merit of the claims, the parties can state that the case is settled and the parties are to direct the inquiring party to view the public docket, consistent with the public statement.

    c. Utilize all authority and editorial discretion within their power and means to permanently remove any mention of, information about, or reference to each other that they have authored or provided and published or republished on any website, web page, or

# EXHIBIT A

otherwise on the Internet, specifically including but not limited to all such posts on or through their respective social media accounts, regardless of whether such publications are publicly available for viewing or if access is restricted to any degree.

    d.    This provision does not limit any party's obligations to discuss the case in response to a subpoena, court order, or as otherwise required by law.

3.    **Notice of Non-Compliance.**

    a.    Upon discovery of any content prohibited by Paragraph 2 of this Agreement, the Parties' legal representative(s) shall provide written notice of such discovery to the other Parties' legal representative(s) and allow ten (10) calendar days for the Party to implement the measures provided in Paragraph 2(b).

    b.    Should any Party provide a written response denying that the content which the notice concerns is within the contemplation of this Agreement, then the complaining Party's sole remedy shall be to file an action for breach of this Agreement.

4.    **No Contact Agreement (NCA).** Upon execution, the Parties shall have no direct or indirect contact or communication with each other and/or no communications concerning each other with each other's current or prospective employers, employees, supervisors, subordinates, customers, clients, or anyone else with whom the other transacts business, as well as the other's family members, current or future romantic partners, and associates.

5.    **Attorneys' Fees.** The Parties shall each bear their own legal fees associated with the Lawsuit. If a Party commences an action or proceeding to enforce any provision of this Agreement, the prevailing party shall be entitled to recover their actual attorney's fees, expenses, and court costs incurred.

6.    **Dismissal of Claims.** Within 24 hours of the Agreement becoming effective, Mr. Leal shall file the attached stipulation of dismissal on the public docket, with this agreement attached as Exhibit A.

7.    **Public Statement.** Immediately after Plaintiff files the stipulation required by Paragraph 6, the Parties shall publish a public statement regarding the Lawsuit on their respective social media pages (the "Statement"). The Statement can be published once per social media platform by each party should they so choose and must be published within forty-eight (48) hours after this Agreement becomes effective and shall include a link to Courtlistener's copy of this agreement on the public docket. The Statement shall state as follows, verbatim:

> Mike Leal's lawsuit against Chelsea Staedter has been voluntarily dismissed with prejudice pursuant to a settlement agreement. No money was exchanged between the parties to resolve the claims. We have agreed to take down our content about each other and will not speak about each other moving forward. Interested parties may view the settlement agreement on the public docket at the following link: [LINK].

After the public statement is posted within the time limitations agreed to herein, the public statement cannot be republished by any party, but can remain publicly available on the parties' respective social media pages, should they so desire.

8.     **No Admission of Liability.** The Parties agree that this Agreement is the compromise of disputed claims, and that the Parties shall not construe this Agreement as an admission of liability on the part of any Party.

9.     **Counterparts.** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any of the copies can be treated as an original for evidentiary purposes. Signatures delivered by email in PDF format or facsimile shall be effective.

10.    **Headings.** The section and other headings contained in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

11.    **Severability.** It is the intention of the Parties that the terms and provisions of this Agreement be construed to be separable and severable. If any term or provision of this Agreement shall be held void, invalid, unenforceable, or is in conflict with any applicable law, all of the other terms and provisions of this Agreement shall remain valid and fully enforceable.

12.    **Amendments.** This Agreement may be amended, superseded, cancelled, renewed, extended, or waived by a written instrument signed by the Parties.

13.    **Entire Agreement.** This Agreement together with the Recitals contained in it collectively constitutes the entire agreement between the Parties. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. The Parties intend for this Agreement to be a fully integrated agreement.

14.    **Acknowledgement.** Each Party acknowledges that he/she has carefully read all of the terms of this Agreement, that he/she understands the consequences of each and every term, and that he/she has had sufficient time and opportunity to consult with a legal advisor of their choosing prior to signing this Agreement.

15.    **Choice of Law.** Any action to enforce the terms of this agreement shall be litigated under the laws of the home state of the party named as a defendant in the action.

16.    **Choice of Venue.** Any action to enforce the terms of this agreement shall be litigated in state court in the home state of the party named as a defendant in the action.

17.    **Effective Date.** This Agreement shall become effective on the last date that any of the Parties executes this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement and Release Agreement on the date written below.

_____          11 / 18 / 2022
Michael Leal                                              Date
*Plaintiff*

_____          11 / 18 / 2022
Chelsea Staedter                                       Date
*Defendant*

Doc ID: 5ac68dd97131e7375b2ca85b81f663d081dcaf31

 Audit trail

| | |
|---|---|
| Title | 2022-11-17 DRAFT Leal v. Bedel release [Staedter].pdf |
| File name | 2022-11-17%20DRAF...5BStaedter%5D.pdf |
| Document ID | 5ac68dd97131e7375b2ca85b81f663d081dcaf31 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**11 / 18 / 2022**
14:28:19 UTC-5

Sent for signature to Chelsea Dion Staedter (sessionwithbigred@yahoo.com) and Michael Leal (michael.w.leal@gmail.com) from general@speech.law
IP: 172.56.12.143

**VIEWED**
**11 / 18 / 2022**
14:28:35 UTC-5

Viewed by Chelsea Dion Staedter (sessionwithbigred@yahoo.com)
IP: 172.58.74.26

**SIGNED**
**11 / 18 / 2022**
14:32:03 UTC-5

Signed by Chelsea Dion Staedter (sessionwithbigred@yahoo.com)
IP: 172.58.76.124

**VIEWED**
**11 / 18 / 2022**
17:12:15 UTC-5

Viewed by Michael Leal (michael.w.leal@gmail.com)
IP: 24.46.185.218

Powered by Dropbox Sign

**Dropbox** Sign

Audit trail

| | |
|---|---|
| Title | 2022-11-17 DRAFT Leal v. Bedel release [Staedter].pdf |
| File name | 2022-11-17%20DRAF...5BStaedter%5D.pdf |
| Document ID | 5ac68dd97131e7375b2ca85b81f663d081dcaf31 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested from app.clio.com

## Document History

SIGNED  **11 / 18 / 2022**  Signed by Michael Leal (michael.w.leal@gmail.com)
17:12:35 UTC-5  IP: 24.46.185.218

COMPLETED  **11 / 18 / 2022**  The document has been completed.
17:12:35 UTC-5

Powered by **Dropbox** Sign